1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GABRIELG GIGENA,                          No. 2:23-cv-01660-DJC-CKD-PS

12                  Plaintiff,

13         v.                                   ORDER REVOKING *IN FORMA PAUPERIS*
                                                STATUS
14   RENEE C. DAY; TODD D. RIEBE;
     GREGORY G. GILLOTT; and AMY J.
15   HOFFMAN,

16                  Defendants.

17

18

19         Plaintiff, proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983

20   against Defendants who are individuals affiliated with Amador County, alleging that

21   Defendants interfered with and denied Plaintiff the rights owed to a federally

22   recognized Indian tribe and breached a contract with Plaintiff.  Plaintiff filed the

23   Complaint on August 10, 2023.  (*See* ECF No. 1.)  The matter was referred to a United

24   States Magistrate Judge pursuant to the Eastern District of California's Local Rules.

25         On August 21, 2023, the Magistrate Judge granted Plaintiff's Motion to

26   Proceed *In Forma Pauperis* and directed Plaintiff to show cause why the action should

27   not be dismissed for lack of subject matter jurisdiction by no later than September 8,

28   2023.  (*See* ECF No. 3.)  On September 15, 2023, the Magistrate Judge issued its

                                            1

Order and Findings and Recommendations that stayed all pending discovery and motion practice pending resolution of the Findings and Recommendations, which recommended that the action be dismissed for lack of jurisdiction.  (*See* ECF No. 4.) Plaintiff timely filed objections, and the Court adopted in full the Magistrate Judge's Findings and Recommendations, dismissing the complaint for lack of jurisdiction. (*See* ECF No. 6.)  Plaintiff then moved to appeal the Court's decision, which prompted the Ninth Circuit Court of Appeals to refer the matter back to this Court "for the limited purpose of determining whether in forma paupers status should continue for this appeal or whether the appeal is frivolous or taken in bad faith."  (ECF No. 11.)

Federal Rule of Appellate Procedure 24 governs applications to proceed *in forma pauperis* on appeal.  Rule 24(a)(3) states that where a party was previously granted in forma pauperis status in the district court action, that party is permitted to proceed in forma pauperis on appeal without further authorization.  Here, Plaintiff was previously granted *in forma pauperis* status on August 21, 2023.  (*See* ECF No. 3.)  As such, Plaintiff may not proceed *in forma pauperis* on appeal unless "the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding."  Fed. R. App. P. 24(a)(3)(A).

The Magistrate Judge previously instructed Plaintiff to explain why jurisdiction existed when granting *in forma pauperis* status and dismissed Plaintiff's Complaint following Plaintiff's failure to show cause.  (*See* ECF No. 4.)  When reviewing *de novo* the Magistrate Judge's Findings and Recommendations, the Court considered Plaintiff's objections, which included a copy of the Proposed First Amended Complaint.  (*See* ECF No. 5 at 5–16.)  The Proposed First Amended Complaint again failed to disclose a basis for this Court's jurisdiction over the matter, as the Proposed First Amended Complaint failed to include any material showing that Plaintiff was a member of a federally recognized Indian tribe, which is crucial to Plaintiff's Complaint,

as the Complaint only alleges violations of rights owed to federally recognized Indian tribes. (*See, e.g.*, ECF No. 1 at 3 ("Defendants are prohibiting the Plaintiff's free exercise of Title 25 sec 1302(a)(5) and 1304(a)(5) within our Federally Recognized American Indian Territory as an Apache Nation . . . ."); ECF No. 5 at 11 (alleging a violation of 25 U.S.C. § 1304(a)(5), which covers "Tribal jurisdiction over covered crimes").) Thus, it was not clear that any rights were infringed or violated and that the Court had jurisdiction over the matter, making dismissal proper.

Now, Plaintiff moves to appeal this Court's prior Order, but Plaintiff again fails to provide any information revealing that Plaintiff is a member of a federally recognized tribe. (*See* ECF No. 8.) In particular, the closest Plaintiff comes to providing any evidence for the bald assertion that he is a member of a federally recognized tribe comes from a "Colleen Dawson Stewart" who, using a Hotmail email account and typing on plain paper, wrote a letter stating that Plaintiff "is the recognized American Indian Chief of California Territory." (ECF No. 8 at 5.) However, again, Plaintiffs provide no government documents supporting Plaintiff's or Colleen Dawson Stewart's assertions. Therefore, the Court will now certify that the appeal is not taken in good faith. As a result, Plaintiff is not entitled to proceed *in forma pauperis* on appeal based on Plaintiff's prior *in forma pauperis* status in the district court action. *See* Fed. R. App. P. 24(a)(3)(A). Any request to proceed *in forma pauperis* must be sent directly to the Ninth Circuit Court of Appeals.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Court certifies that the appeal is not taken in good faith; and

2.    The Clerk of the Court is directed to notify the U.S. Court of Appeals for the Ninth Circuit that this Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that Plaintiff's appeal is not taken in good faith, and he must therefore seek further authorization from the

///

///

Court of Appeals pursuant to Federal Rule of Appellate Procedure Rule 24(a)(5) to obtain leave to proceed in forma pauperis.

IT IS SO ORDERED.

Dated:  **March 8, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Gigena.23cv1660.IFP.Revocation